UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PRIME DESIGNS INC., and <br> DESIGN BASICS, LLC, <br><br>                Plaintiffs, <br><br> vs. <br><br> BAUER CUSTOM HOMES, LLC, <br> KEVIN BAUER, SHARON BAUER, and <br> THE CINCINNATI INSURANCE <br> COMPANY, <br><br>                Defendants. | Case No: <br><br> JURY DEMANDED |

## *COMPLAINT*

NOW COME the Plaintiffs, Prime Designs, Inc. ("PDI") and Design Basics, LLC, f/k/a Design Basics, Inc. ("DB"), and as and for a cause of action against the Defendants, Bauer Custom Homes, LLC ("Bauer"), Kevin Bauer ("KB"), Sharon Bauer ("SB") (hereinafter collectively referred to as "Bauer Defendants"), and The Cincinnati Insurance Company ("CIC"), allege and show to the Court as follows, to wit:

### JURISDICTION/VENUE

1. This claim is brought pursuant to 17 U.S.C. §101 *et. seq.*, (hereinafter referred to as the Copyright Act).

2. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§1331 and 1338, as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) and (c), and §1400(a), as the Bauer Defendants reside in this District and the events giving rise to this action occurred in this District.

## THE PARTIES

3. **PDI and DB** are Nebraska Corporations engaged in the business of publishing and licensing of architectural designs, and they reside and have principal places of business in Omaha, NE.

4. **Bauer** is a Wisconsin Corporation, and will receive notice of this complaint by service upon its registered agent, Kevin Bauer at 289 Shenandoah Court, Burlington, WI 53105-3906.

5. **KB** is an individual, and citizen of the State of Wisconsin, and will receive notice of this complaint by service upon him at 289 Shenandoah Court, Burlington, WI 53105-3906.

6. **SB** is an individual, and citizen of the State of Wisconsin, and will receive notice of this complaint by service upon her at 289 Shenandoah Court, Burlington, WI 53105-3906.

7. **CIC** is an Ohio property and casualty stock insurance company with its principal corporate mailing address being P.O. Box 145496, Cincinnati, Ohio 45250, and its registered agent for service of process in the State of Wisconsin being Michael S. Murray, Kasdorf, Lewis & Swietlik, S.C., 1 Park Plaza, 11270 W. Park Place, 5th Floor, Milwaukee, Wisconsin 53224, having as its principal corporate activity the issuance of policies of liability and other insurance, for consideration.

## INTRODUCTORY FACTS

8. PDI and DB are both engaged in the business of publishing and licensing architectural house designs and plans, and are the authors of, and at all times relevant to this claim, have been and are now the sole owners and proprietors of all rights, title and interest in and to the copyrights in certain Architectural Works, including home plan/designs published on the Internet, in various books, and in periodicals such as home buyer guides.

2

9. PDI and DB have complied in all respects with Title 17 of the United States Code (Copyright Act of 1976), The Architectural Works Copyright Protection Act of 1990, and all other United States laws governing copyrights, and have secured the exclusive rights and privileges in and to the copyrights to the plans as set forth in paragraphs 10 - 17, infra.

### DB'S REGISTERED PLANS

10. DB owns the copyright in the architectural work entitled "42038 Peony," which consists of architectural plans for a building which have been registered with the U.S. Copyright Office and assigned Copyright Registration Number VA1-360-496.

11. DB owns the copyright in the architectural work entitled "8045 Cooper's Farm," which consists of the design of a building which has been registered with the U.S. Copyright Office and assigned Copyright Registration Number VA 729-221, and of architectural plans for a building which have been registered with the U. S. Copyright Office and assigned Copyright Registration Number VA 729-218.

12. DB owns the copyright in the architectural work entitled "2458 Hartford," which consists of architectural plans for a building which have been registered with the U.S. Copyright Office and assigned Copyright Registration Number VA 485-130.

13. DB's copyrights in the above-described works are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

### PDI'S REGISTERED PLANS

14. PDI owns the copyright in the architectural work entitled "29516 Terrell," which consists of the design of a building which has been registered with the U.S. Copyright Office and

assigned Copyright Registration Number VA1 336-574, and of architectural plans for a building which have been registered with the U. S. Copyright Office and assigned Copyright Registration Number VA1-392-295.

15. PDI owns the copyright in an architectural work entitled "29514 Jackson," which consists of the design of a building which has been registered with the U.S. Copyright Office and assigned Copyright Registration Number VA1-418-960.

16. PDI owns the copyright in the architectural work entitled "29507 Kennersley," which consists of the design of a building which has been registered with the U.S. Copyright Office and assigned Copyright Registration Number VA1 336-134, and of architectural plans for a building which have been registered with the U. S. Copyright Office and assigned Copyright Registration Number VA1-392-295.

17. PDI's copyrights in the above-described works are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL FACTS

18. On July 14, 2008, Plaintiffs became aware that Bauer Defendants[1] had, without authorization, copied several of Plaintiffs' home design floor plans and front elevation illustrations – many *verbatim* (including Plaintiffs' copyright notices: "© Prime Designs, Inc." and "© Design Basics, Inc."), and used them for promotional purposes on their Internet web site with the URL: www.bauercustomhomes.com. Exhibit 1 attached hereto contains various screenshots of Bauer's web site from summer 2008. Bauer Defendants have also constructed and

---

[1] KB and SB are principals in Bauer Custom Homes, LLC.

sold an unknown number of homes which are derivative copies of Plaintiffs' plans and/or designs.

19. Since approximately July 2008 until the present, Bauer Defendants have maintained and published a web site with the URL "www.bauercustomhomes.com" to advertise, promote and market the goods and services offered to the consuming public by Bauer.

20. In the course of advertising Bauer's goods and services to the consuming public on its website, Bauer Defendants have posted thereon both exact copies and derivatives of Plaintiffs' architectural designs and plans set forth, described and identified in paragraphs 10 through 17, supra.

21. Defendant's posting and use of Plaintiffs' architectural designs and plans set forth, described and identified in paragraphs 10 through 17, supra, was done without permission or license from Plaintiffs, in violation of Plaintiffs' respective exclusive copyright interests in said works. See Exhibits 2 – 5, attached.

## CAUSES OF ACTION

22. Defendants have infringed Plaintiffs' copyrights in and to one or more of the above-referenced plans or designs by scanning, copying, reproducing, and/or distributing unauthorized copies thereof for various purposes including but not limited to advertising, within the United States. Such infringements were either non-willful, or alternatively, they were committed willfully.

23. Defendants infringed Plaintiffs' copyrights in and to one or more of their plans and designs by building one or more houses either as exact copies or as derivatives thereof, and by using Plaintiffs' plans, copies of the plans, and/or derivatives of the plans, and by selling same,

5

and profiting thereby. Such infringements were either non-willful, or alternatively they were committed willfully.

24. On information and belief, Defendants have infringed other works of Plaintiffs in one or more of the above manners, the type and number of which will be determined through the discovery process.

## LIABILITY OF KB AND SB

25. KB and SB are personally liable to Plaintiffs because they had 1) the right and ability to supervise, and 2) an obvious and direct financial interest in the infringement. Further, KB and SB are personally liable to Plaintiffs for the infringements of Bauer because they failed or declined to exercise their right to stop or limit the infringing activities.

26. KB and SB are each vicariously liable to Plaintiffs for the infringements by the acts of Bauer, or they are liable to Plaintiffs as contributory and/or joint infringers.

## Liability of CIC

27. CIC had issued and outstanding one or more policies of liability insurance with the Bauer Defendants, insuring the Bauer Defendants for damages incurred by them for, inter alia, the acts and omissions complained of herein.

28. CIC is directly liable to Plaintiffs for the acts and omissions of the Bauer Defendants set forth above pursuant to Wisconsin's Direct Action Statute, Wis. Stats. §632.24.

## DAMAGES

29. As a direct and proximate result of Defendants' above-described acts of copyright infringement, Plaintiffs have sustained lost profits and/or lost licensing revenue.

30. As a direct and proximate result of Defendants' above-described acts of copyright infringement, Defendants have profited from the construction and sale of infringing homes and/or design plans.

31. Plaintiffs also seek recovery of all indirect profits attributable to Defendants' infringements, including but not limited to those indirect profits derived from real estate sales and land-development activities in subdivisions where infringing structures were built, as well as all indirect profits from the construction, advertising, promotion, marketing, and sale of non-infringing structures attributable to the infringing structures.

32. In the alternative, Plaintiffs are entitled to elect the recovery of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above.

33. Additionally, Defendants' above-described acts of copyright infringement have diluted the local market for Plaintiffs' house plans, causing a decrease in future licensing revenues to Plaintiffs.

## Other Relief Requested

34. Plaintiffs demand an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, and of the gross profits and revenue attributable to their infringement(s).

35. Plaintiffs are entitled to and seek recovery of their actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses.

36. Plaintiffs request that the Defendants, their agents, employees and/or servants, be enjoined *pendente lite* and permanently from infringing Plaintiffs' copyrights in any manner

whatsoever, including advertising, marketing, construction, and sale of infringing structures, and from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof.

37. Plaintiffs request Defendants be required to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants.

38. Plaintiffs request that upon a finding of infringement, the Court permanently enjoin the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine.

WHEREFORE, the Plaintiffs, Prime Designs, Inc. and Design Basics, LLC, demand that judgment be entered in their favor and against the Defendants, Bauer Custom Homes, LLC, Kevin Bauer, Sharon Bauer, and The Cincinnati Insurance Company, jointly and severally, as follows:

a). For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b). For Plaintiffs actual damages, in an amount to be determined at trial;

c). For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from real estate sales and land-development activities in subdivisions where infringing structures were built, as well as all direct and indirect profits from the construction, advertising, promotion, marketing, and sale of non-infringing structures attributable to the infringing structures, in an amount to be determined at trial;

d). In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above, in an amount to be determined at trial;

e). Plaintiffs actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f). For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

g). An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

h). For an order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

i). For such other relief as the Court determines to be just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

      /s/ Michael T. Hopkins
Michael T. Hopkins
WBN: 1014792

email: mth@hmclaw.com

Hopkins McCarthy LLC
757 N. Broadway, Suite 201
P.O. Box 510138
Milwaukee, WI 53203

Tel/Fax: (866) 735-0515

- and -

      /s/ Dana A. LeJune
Dana A. LeJune
Texas BN: 12188250
email: dlejune@triallawyers.net

LeJune Law Firm
6525 Washington Avenue, Suite 300
Houston, Texas 77007

Tel: (713) 942.9898
Fax: (713) 942.9899

ATTORNEYS FOR PLAINTIFFS